*EX PARTE* BAKER *IN RE* BUIST, REC., v. MELCHERS.

LACHES—PARTIES—RECEIVER—B. &. L. ASSN.—DIRECTORS.—Unexplained delay in prosecuting an action by a receiver of a building and loan association for nearly ten years, against its directors for loss to stockholders from their negligence during the official term of each, during which time several directors have died, their estates been settled and personal representatives discharged, is such laches as will warrant the court of equity in dismissing the original bill, although the first receiver has been discharged at his request and another appointed, who has used due diligence to bring the original cause to a hearing, and is willing to proceed against the surviving directors.

Before DANTZLER, J., Charleston, January, 1903. Affirmed.

Petition of Duncan J. Baker, as receiver of the Assistance Building and Loan Association, *in re* Buist, receiver, against Melchers. From Circuit decree, petitioner appeals.

*Messrs. Legare & Holman,* for appellant, cites: *On question of laches:* 22 S. C., 589. *Defendants should have brought in necessary parties:* 6 S. C., 22.

*Messrs. Simons, Siegling & Cappelmann, Mordecai & Gadsden, Asher D. Cohen, Nathans & Sinkler, Mitchell & Smith,* and *Jno. C. Miller,* for defendants, contra, cite: *As*

*to control of receivers:* High on Rec., secs. 202, 205. *As
to laches:* 3 Rich. Eq., 368; 44 S. C., 46. *Can action be
carried on against survivors without renewal?* Cook on
Stocks, sec. 648; Pom. Eq. Jur., sec. 1079; Perry on Trusts,
secs. 876, 677; Hill on Trustees, ed. 1846, 518; 173 Mass.,
60; 40 Ch. Div., 543; 114 N. E., 112; 44 N. E., 624; 41
N. J. Eq., 566; 145 Mass., 166; 24 Ch. Div., 439; 3 Fed.
R., 817; 19 Fed. R., 471; 26 Fed. R., 737.

July 9, 1903. The opinion of the Court was delivered by
MR. CHIEF JUSTICE POPE. This appeal is from an order
of his Honor, Judge Dantzler, dismissing the foregoing
action because of the *laches* of the plaintiff. To understand
this matter it will·be necessary to refer to this action so as to
learn its history and its scope. This may be done by refer-
ring to this same action as found in 44 S. C., at page 46. In
the lower Court in that case the Circuit Judge had held that
this was a case on the equity side of the Court, and had or-
dered the action transferred from calendar 1 for jury trials
to calendar 2 for trial by the Judge sitting as chancellor; but
before doing so it may not be amiss to state the history of
this contention in a few words: The Assistance Building and
Loan Association was duly chartered by the State to conduct
the business appertaining to the usual building and loan as-
sociations in the city of Charleston, S. C. See 18 Stat. at
Large of this State, at page 5. It was managed by a board
of directors under the charter and its by-laws. The per-
sonnel of the board was changed from time to time by the
shareholders. It had a treasurer, whose bond was guaran-
teed for a time by one of the surety companies of this country,
but in about 1885 this surety company ceased its guarantee
of the bond in question, and then a private individual guar-
anteed the treasurer's bond to the amount of $5,000. In the
year 1892, the directors discovered that the institution was
insolvent, and so reported to a meeting of the shareholders.
E. M. Moreland, as plaintiff, filed a bill in equity for the ap-
pointment of a receiver to collect the assets, &c. The Court

named George Lamb Buist, Esq., as such receiver, and gave
him wide latitude in the matter. There had been loud and
deep mutterings of discontent of the directors, who were
charged with the neglect of plain duties, to the alleged ruin
of the building and loan association in question. There was
no allegation or suggestion even that any one of such direc-
tors had profited pecuniarily by their management of such
institution. So that Mr. Buist as such receiver filed a bill
against these directors, alleging their failure to perform their
duties and that such failure was the cause of the loss of
$58,000 of the funds of the institution by reason of the bad
conduct of the treasurer, one Burnham. The defendants
answered the bill. When the pleadings were concluded, the
plaintiff had the action placed on calendar 1. To this the
defendants objected, insisting that it was a case in equity,
and, therefore, should be placed on calendar 2. The Circuit
Judge so held. From his decretal order for this purpose
the plaintiff appealed. This appeal will be found fully set
out in *Buist* v. *Melchers,* 44 S. C., 46.

This Court held, amongst other things: "At the time of the
organization of the association, Alexander Melchers was
made president (and so remained until 1902) ; Daniel Rav-
enel was a director of the company from its organization
until September, 1890; J. Orrin Lea, from its organization
until September, 1890; Lee Loeb, from September, 1890,
until the appointment of a receiver; J. Alwyn Ball, from its
organization until September, 1885; Robert Martin, from
July, 1891, until the appointment of the receiver; F. W. Cap-
pelmann, from January, 1891, to the appointment of the re-
ceiver; B. Feldman, from September, 1889, until the ap-
pointment of the receiver; Jacob Krues, A. F. C. Cramer,
Patrick Darcy and W. H. Welch, from its organization until
the appointment of the receiver. * * * The defendants are,
therefore, only liable for their proportionate parts of the
damages alleged to have been sustained by their negligent
acts committed at different times, and in order to ascertain
the proportionate amount for which each was liable, it was

necessary to resort to a court of equity. The proportions in which the defendants are liable can only be determined by an accounting of their acts and doings as officers of the association, and to make such an accounting is peculiarly the province of a court of equity. Having reached the conclusion that the defendants are only liable for their proportionate parts of the loss sustained by reason of their alleged acts of negligence, and that the proportions in which they are liable can only be determined by an accounting as to their official acts, it would seem to be unnecessary to cite authorities to show that a court of equity is the proper forum for such accounting and adjustment of proportions in which they are liable. This distinction in cases where the liability of the directors is for a *fixed* and *definite* amount, and where they are only liable for a *proportionate* part, which can only be an *accounting,* is pointed out in a number of cases, among which we may mention."

This decision was promptly filed after the hearing in the Supreme Court at the November term. The *remittitur* went down promptly. The cause remained on calendar 2 of the Circuit Court of Charleston from early in the year 1895 until *December 1st, 1902*, without doing anything whatever. In the meanwhile, four of the defendants died, their estates were settled, their personal representatives were discharged. After all of this time, it being nearly ten years of absolute inaction by the non-borrowing stockholders of the association (the persons interested), they suddenly take on new life by applying to have a new receiver appointed, as Mr. Buist asked the Court to release him from the office of receiver, which was done, and Mr. Duncan J. Baker is appointed receiver in the present case of *Moreland* v. *Assistance B. & L. Association et al.,* by Judge Townsend. He (Mr. Baker, as such receiver,) filed his petition in the case of George Lamb Buist, as receiver, *v.* Alexander Melchers, asking that he be allowed to proceed with that litigation. The defendants, or rather the few left, replied that these claims against them were stale claims, and the court of equity should dis-

miss the whole proceeding and that in prompt order. The matter came on to be heard by his Honor, Judge Dantzler, who pronounced this decree:

"This case came before me upon a motion duly served upon the counsel of the surviving defendants seeking a reference in this cause to one of the masters of the Court, to take the testimony and the accounting herein, and that Duncan J. Baker, as receiver of the Assistance Building and Loan Association, should be substituted as plaintiff in this cause in the place and stead of the plaintiff, Geo. Lamb Buist, receiver. The motion is based upon the verified petition, to which a sworn return has been made by all the surviving defendants, namely: Patrick Darcy, J. Orrin Lea, Lee Loeb, A. F. C. Cramer, W. H. Welch, Robert Martin, F. W. Cappelmann, and J. Alwyn Ball.

"It is admitted by counsel in the cause, that pending the hearing in the Supreme Court of this cause, in the year 1894, Jacob Kruse, one of the defendants, died, and that subsequent to the filing of the opinion of the Supreme Court at the November term, 1894, three other defendants, namely: Daniel Ravenel, Alexander Melchers and B. Feldman, also died. Each of the deceased defendants left estates which were duly administered upon, and, until the services of the notice under discussion here, dated the 1st day of December, 1902, no effort whatever was made by the counsel of the receiver, either to make the personal representatives of the deceased defendants parties, or to file supplemental bill against the living defendants and their personal representatives. It is contended by the counsel for the defendants that the cause could not, under any circumstances, proceed without the presence of the personal representatives of the deceased defendants, and it is also contended by the defendants that the complaint in this cause should be dismissed for want of prosecution, inasmuch as there has been laches such as would justify the dismissal of the bill of complaint.

"Counsel for the receiver, the moving party here, suggests that although this cause was being heard at chambers, that

the Judge now hearing the same should, by stipulation, be considered as having jurisdiction to pass upon the question of the dismissal of the complaint, as well as the other grounds of motion hereinbefore cited, and all the counsel in the case have presented to the Court and have filed written stipulation to that effect.

"I should immediately, under ordinary circumstances, hold that the personal representatives of deceased defendants are not only proper, but absolutely necessary parties to this proceeding, because, as I construe the decision of the Supreme Court of this State, in the case of Buist, receiver, against Melchers *et al.,* as reported in 44 S. C., page   , it is expressly held that the defendants 'are, therefore, only liable for their proportionate parts of the damage alleged to have been sustained by their negligent acts committed at different times, and in order to ascertain the proportionate amounts for which each was liable, it was necessary to resort to a court of equity. The proportions in which the defendants are liable can only be ascertained by an accounting of their acts and doings as officers of the association, and to make such accounting is peculiarly the province of the court of equity.'

"As I construe this opinion, to determine the proportion of each director at the various times at which and during which he respectively served in the various groups of directors who acted during the years of the existence of the business of this corporation, it is absolutely necessary that the personal representative of each deceased director should be a party defendant along with the living directors, in order that the proportionate parts of each director's liability for damage should be fixed and ascertained. Ordinarily, therefore, I should order that Mr. Baker be substituted as plaintiff instead of Mr. Buist; but, under the stipulation that the Court should now hear the motion to dismiss for want of prosecution or laches, I propounded to the counsel for the plaintiff the query, whether he had any cause whatever to show why this action from November, 1894, to March, 1902, had not been prosecuted, and counsel answered that he had

no cause to show, and knew of none. As the case, therefore, stands before me, it is a case which for over nine years has stood open and unprosecuted. It is fair to presume that the plaintiff in the case, a distinguished member of the bar, and his counsel, able and learned lawyers, must have either reached the conclusion that there was no law to sustain their contention, or that if there was law, which they could invoke, the proof was unobtainable to substantiate their cause of action; and their failure to do anything during this long period of time is convincing proof to the Court that they had exhausted their efforts and were unable to accomplish anything in the prosecution of this proceeding.

"The court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith and reasonable diligence.

"Mr. Duncan J. Baker, the present receiver, who succeeded Mr. Geo. Lamb Buist, having been duly appointed in the main cause as such, and Messrs. Legare & Holman, his counsel, since Mr. Baker's appointment in March, 1902, have endeavored to bring this cause to a hearing, and it has resulted in the present presentation of the same before me; but, under all the facts as presented to the Court and the record as it stands before me, I am constrained to conclude that the plaintiff, Geo. Lamb Buist, receiver, and his counsel, have been guilty of such laches as demands the dismissal of the bill for want of prosecution; and as it is the province of Courts to end litigation, I do not hesitate to dismiss this cause for laches and want of prosecution.

"It is, therefore, ordered, that the motion of Duncan J. Baker, receiver, be and is hereby refused, and that the complaints herein be dismissed with costs, for want of prosecution. And it is so decreed."

From this decree, Duncan J. Baker now appeals on the following grounds, to wit:

"1. Because his Honor erred in dismissing the above entitled case for laches, when the petitioner, Duncan J. Baker, was using due diligence to bring the same to a hearing and final determination.

"2. Because his Honor erred in dismissing the above cause for laches, on the ground of inaction on the part and behalf of Geo. Lamb Buist, receiver, and his counsel, when they had been discharged by the Court, and a new receiver appointed, and such substituted receiver and his counsel were using due diligence in endeavoring to bring said suit to a close.

"3. Because his Honor erred in that his decree dismissing the complaint herein was an infringement upon the order and decree of Judge D. A. Townsend, appointing Duncan J. Baker as receiver in the place and stead of the said Geo. Lamb Buist, wherein his Honor, Judge Townsend, ordered and directed the said Duncan J. Baker to prosecute all actions then pending.

"4. Because his Honor erred in dismissing the said complaint, for that the Court cannot dismiss a case brought by its receiver for laches, but should require such receiver to prosecute the same, and thereby preserve the rights of the parties he represents.

"5. Because his Honor erred in dismissing the said pending action, for that in so doing he has deprived the parties beneficially interested from having their rights adjudicated by the courts of the land.

"6. Because his Honor erred in refusing the request of the said D. J. Baker to be substituted as plaintiff in the place and stead of Geo. Lamb Buist, removed under order of the Court, and in dismissing the said action for laches.

"7. Because his Honor erred in holding that the personal representatives of the deceased directors were necessary and indispensable parties to the prosecution of this action, when said D. J. Baker requested to proceed without the presence of such parties, and the surviving defendants, directors, hav-

6—67

ing failed to take such steps as were necessary to bring said personal representatives before the Court."

We will now pass upon these exceptions in their order:

1. There was no intention on the part of the presiding Judge to refer any *laches* to Mr. Baker and his counsel, he was referring to the unexplained delay in the former receiver and his counsel and "the man behind the guns," the non-borrowing stockholders. Of course, Mr. Baker was using due diligence.

2. This exception is of very close kin to the first. We might just as well consider just here the fourth, fifth and sixth exceptions. Of course, now and then delays are very necessary, and no exception is taken to the same. But undoubtedly cases in equity are allowed by the parties to remain on the calendars of the Court undisposed of beyond all patience and all safety. The very object of Courts is to provide an expeditious tribunal for the enforcing the rights or redressing the wrongs of litigants. To allow causes to remain on the calendar of the Courts for years and years with no movement by the parties and without even an order being taken, present a strange spectacle. Parties die, witnesses die or move away, records are misplaced, private energy is weakened, thus the wheels of justice are clogged. When complaint is made to the Court of such slumbering and such ill effects resulting from such sleep, it may result, as in this case, with a wholesome effect to have an order passed dismissing such cases for want of prosecution or, in other words, because of the laches of plaintiff litigants. In the year 1851, in the case of *Colding* v. *J. N. Badger et al.,* 3 Rich. Eq., 368, the Court of Appeals in Equity decided that when a bill in equity had been filed in 1842 and after notice of the defendants in the year 1850, that if the report of the commissioner was not presented, they would move the Court to dismiss the case for want of prosecution, the Chancellor dismissed the bill on this count. When the Court of Appeals in Chancery passed an appeal from such order, that great conservative jurist, Chancellor Job Johnson, in an-

nouncing the opinion which dismissed such appeal, said: "The case presented by this appeal came properly within the discretion of the Chancellor, and we should not be authorized to interfere with his decision unless it was grossly erroneous." So, too, in the case of *Keith* v. *Andrews,* 4 Rich. Eq., at page 356, Chancellor Dargan said: "But the defendants insisted that the complainants, if their complaint had been otherwise well founded, were too late in their application to the Court for relief, that their claim was stale and the settlement remained for too long a time to be now disturbed. The complainants, Moore and wife, had acquiesced for more than ten years, and the complainants, Keitt and wife, for nearly eight years, before they sought relief in the Court. *During the whole of this long interval they have had as ample means of information as to their rights as they have at the present time. There is no information of which they are now possessed which they did not possess, or have the means of possessing, immediately after or even before the settlement* (italics ours). In my opinion, they have come too late. Parties desirous of opening settlements on the ground of error and mistakes, when the facts are all within their knowledge, must *make haste* in their application to the Court for relief. Their long acquiescence amounts to a presumed ratification." He quotes from 1 Storey Eq., section 520. This Circuit decision was unanimously approved by the Court of Appeals. Counsel for respondents quote at length from another of our State decisions to the same effect. We do not think the Circuit Judge was in error. These exceptions are overruled.

3. The third exception cannot be sustained. An order giving directions to a receiver, is one thing; an order dismissing a bill in equity to which he was not a party, but was seeking to be made a party, is quite another thing. This exception is overruled.

4. The seventh exception cannot be sustained. This Court, in Buist, as receiver, *v.* Melchers, *supra,* virtually decided that all the parties named as defendants were entitled

to have the claims of the receiver against them heard at one and the same time in the same proceedings, so as to adjust between them their liabilities. The record shows that four of them are dead, with their estates long ago settled and their respective personal representatives discharged. The proposed plaintiff could not proceed with any reference in the present condition of the parties. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.